**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**July 1, 2026**

# In the Court of Appeals of Georgia

A26A0835. SAMUEL v. SAMUEL et al.

WATKINS, Judge.

This appeal presents the latest dispute between the widow and children of George Samuel.[1] Here, George's widow, Rosemary Samuel, filed a petition seeking equitable relief to change the order of recordation of two deeds because the current order divested her of an ownership interest in the house she lived in with George.[2] George's children, Devon and Christopher Samuel, moved to dismiss Rosemary's petition. The trial court granted the motion, and Rosemary appealed. For the reasons contained herein, we affirm.

---

[1] See *In re Estate of Samuel*, 378 Ga. App. 869 (927 SE2d 554) (2026).

[2] Given that all the parties share the same last name, we will be referring to them by their first names.

This Court

review[s] the grant of a motion to dismiss de novo. And the well-established test that must be satisfied before a motion to dismiss can be granted is a demanding one. A trial court should not grant a motion to dismiss for failure to state a claim unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[3]

Viewed with these principles in mind, the record shows that George and Rosemary acquired interest in a home located in College Park in 1986 via warranty deed. In 1994, a quitclaim deed was recorded in the real estate records of Fulton County in Deed Book 17661 at page 277, whereby George quitclaimed his interest in the property to himself and Rosemary as "joint tenants with rights of survivorship and not as tenants-in-common[.]" On the same day, filed at Page 278 of the same deed book, is another quitclaim deed, this one transferring Rosemary's interest in the property to George.

---

[3] *AG Res. Mgmt., LLC v. Mundy, Inc.*, 376 Ga. App. 643, 643 (920 SE2d 486) (2025) (citations and punctuation omitted).

Rosemary attested it was the intention of her and George that the deeds be filed in the opposite order so that Rosemary would quitclaim her interest to George for the purpose of refinancing the mortgage on the property solely in his name, and then return to Rosemary her interest in the property via another quitclaim deed. She attested that she continued living in the house and contributing to the mortgage under the belief that she maintained joint ownership.

George died in 2021 and Rosemary was appointed the temporary administrator of his estate in 2024. In 2025, Rosemary filed the underlying "Petition for Equitable Relief or for Leave to Sell or Deal with Property[.]" Through this petition, Rosemary sought equitable reformation pursuant to OCGA § 23-2-25[4] to correct the "mistake in recording" so as to reflect the intention of George and Rosemary that they own the property as joint tenants with right of survivorship. She also sought leave, in her role as Temporary Administrator of George's estate, to quitclaim any interest the estate had in the property to her, as the surviving joint owner. George's sons Devon and Christopher moved to dismiss Rosemary's claims, and the trial court granted the

---

[4] "If the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto."

motion. As is relevant here, the trial court found that equitable reformation was not an available remedy to change the order of deed recordation. This appeal followed.

1. Rosemary argues that the trial court erred in finding that equitable reformation could not function to change the order of recordation of the deeds. We disagree.

> [T]he first maxim of equity is that equity follows the law. Thus, a court of equity has no more right than a court of law to act on its own notion of what is right in a particular case. Where rights are defined and established by existing legal principles, they may not be changed or unsettled in equity. Although equity does seek to do complete justice, it must do so within the parameters of the law.[5]

"Generally, the priority of each deed or lien is determined by the date of its recording."[6]

---

[5] *Dolinger v. Driver*, 269 Ga. 141, 142(4) (498 SE2d 252) (1998) (citations and punctuation omitted); see also *MidFirst Bank v. Mantooth*, 377 Ga. App. 187, 190(2) (921 SE2d 788) (2025) (holding that equitable reformation would not work to revise a security deed to convey an interest in an entire parcel because, despite the grantor's misunderstanding of his ownership interest, he could not legally encumber the portion of the parcel owned by others).

[6] *U. S. Bank, Nat'l Ass'n v. Carrington Mtg.. Servs., LLC*, 364 Ga. App. 179, 181(1) (874 SE2d 372) (2022).

Reformation of a contract is authorized when there is a mutual mistake as to the *content of a writing*[.] Equity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties. A petition for reformation of a written contract will lie where by *mistake of the scrivener* and by oversight of the parties, the writing does not embody or fully express the real contract of the parties. ... [T]he power to relieve mistakes shall be exercised with caution; to justify it, the evidence shall be clear, unequivocal, and decisive as to the mistake.[7]

This Court recently had the opportunity to review a similar issue in the case of *U. S. Bank, Nat'l Ass'n v. Carrington Mtg. Servs., LLC*.[8] There, a security deed, which all parties agreed should have held a second priority interest, was filed prior to the security deed which should have held the position of first priority.[9] The deed holder who lost its priority interest sought equitable reformation to change the order of filing so as to restore its first priority interest.[10] This Court reversed the trial court's grant of summary judgment to that party, holding that "the trial court erred in concluding

---

[7] *JPMorgan Chase Bank v. Cronan*, 355 Ga. App. 556, 561-62(2) (845 SE2d 298) (2020) (citations and punctuation omitted; emphasis added).

[8] 264 Ga. App. 179.

[9] Id. at 179-180.

[10] Id. at 180.

5

that the proper remedy was to order reformation of the deed because nothing in the form of the conveyance was inaccurate."[11] "Instead, the mistake in [that] case arose from the closing agent's failure to follow the closing instructions and record the deeds in the proper order[.]"[12]

Similarly, here there is no scrivener's error on the face of either quitclaim deed. One quitclaim deed transferred Rosemary's interest in the property to George, which she attested she and George intended to do so that he could refinance the mortgage solely in his name. The other quitclaim deed transferred George's ownership interest to himself and Rosemary, which she attested they intended so that Rosemary could recover her ownership interest. The "mistake" alleged here is not the language of the quitclaim deeds; instead, it is the order in which the clerk recorded them which served to divest Rosemary of her interest in the property. Reformation of the language of the quitclaim deeds is not the proper equitable remedy to correct the order of the filing of

---

[11] Id. at 183 (1)(a).

[12] Id. at 184(1)(a).

the deeds.[13] The trial court did not err in dismissing Rosemary's equitable reformation claim.[14]

2. In light of our disposition of Division 1, we need not address Rosemary's other claims of error, which challenge the trial court's alternate grounds for dismissal.

*Judgment affirmed. Brown, C. J., and Barnes, P. J., concur.*

---

[13] See *Carrington*, 364 Ga. App. at 184(1)(a).

[14] Rosemary did not enumerate any error with regard to the dismissal of her claim to act on behalf of the estate to transfer its ownership interest in the property to her, thus any such argument is abandoned.